cc: HG

ORIGINAL

ORIGINAL

MICHAEL S. EVANS
California State Bar No. 146748
18411 Crenshaw Boulevard
Suite 360
Torrance, CA 90504
(310) 545-8192 (Office)
(310) 329-5233 (Facsimile)

Attorney for Defendant/Petitioner
MICHAEL FARINAS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 22 2006

at 12 o'clock and 20 min. P M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CV06 00164 HG LEK

CV06 00163 HG LEK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Respondent/Plaintiff,<br>v.<br>MICHAEL FARINAS,<br>Petitioner/Defendant. | CR No. 03-00221HG<br>CR No. 03-00350HG<br><br>PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 |

TO THE HONORABLE HELEN GILLMOR, UNITED STATES DISTRICT COURT JUDGE, AND THE UNITED STATES ATTORNEY FOR THE DISTRICT OF HAWAII:

Defendant/Petitioner Michael Farinas, by and through his attorney, Michael S. Evans, hereby submits this Memorandum of Points and Authorities in Support of his Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.

Dated: March 20, 2006

Respectfully submitted,

Michael Evans

MICHAEL S. EVANS
Attorney for Defendant/Petitioner
MICHAEL FARINAS

MEMORANDUM OF POINTS AND AUTHORITIES

STATEMENT OF THE CASE

On May 7, 2003, the grand jury for the United States District Court for the District of Hawaii indicted Michael Farinas, Petitioner, and Elmer Farinas on a single charge of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a). On July 10, 2003, the United States of America, Respondent, filed a Criminal Information charging Michael and Elmer Farinas with one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (ii).

On July 17, 2003, Petitioner entered into a plea agreement with the Respondent in which he agreed to plead guilty to Count One of the Indictment and Count One of the Criminal Information. In the plea agreement, Petitioner admitted to distributing in excess of 50 grams of methamphetamine and to laundering $4000.00 of drug proceeds. (See, Plea Agreement, Paragraphs 8a and 8b, attached hereto as Exhibit A).

All parties agreed that the Court would be bound by the provisions of the United States Sentencing Guidelines ("Guidelines") when imposing a sentence in this matter. (See, Plea Agreement, Paragraph 11). Petitioner did not waive his right to challenge the sentence imposed based upon a claim of ineffective assistance of counsel. (See, Plea Agreement, Paragraph 18a).

On July 17, 2003, Petitioner entered his guilty pleas to each count in the indictment and criminal information. (See, Transcript of Change of Plea, Dated July 17, 2003, p. 25-26, attached hereto as Exhibit B). Prior to taking the plea, the Magistrate confirmed

that a single written plea agreement had been filed by the parties applied to both cases. (See, Transcript of Change of Plea, p. 3, 8-9). The Magistrate informed Petitioner the District Court was not bound by the plea agreement. In effect, the District Court could reject the plea agreement at the time of sentencing in this matter, at which time Petitioner would be given an opportunity to withdraw his guilty plea. (See, Transcript of Change of Plea, p. 10-11, 25).

Counsel for Petitioner filed a Sentencing Statement objecting to certain portions of the Presentence Investigation Report based upon the United States Supreme Court's holding in Blakely v. Washington and this Circuit's holding in United States v. Ameline. Specifically, defense counsel argued the District Court was limited to Petitioner's admissions when determining the appropriate sentencing range under the United States Sentencing Guidelines.

Based upon these holdings, defense counsel objected to the recommendation by United States Probation that Petitioner was accountable for 516.2 grams of "ice" and 6.977 kilograms of crystal methamphetamine resulting in a base offense level of 36. Rather, Petitioner should only be held accountable for 50 grams of methamphetamine, the amount he admitted to in the plea agreement and at the hearing regarding his change of plea. Defense counsel also objected to a two level increase for possession of a firearm in connection with this offense and a four level increase for being an organizer and leader because Petitioner did not admit to possessing a firearm nor did he admit to being an organizer and leader.

///

Prior to sentencing, the parties filed a Memorandum of Sentencing Agreement recommending this Court find the base offense level to be a level 32. Respondent agreed not to seek any role or other enhancements to the base offense level. (See, Memorandum of Sentencing Agreement, Paragraph 4, attached hereto as Exhibit C). Petitioner would receive a three point downward departure for acceptance of responsibility. (See, Memorandum of Sentencing Agreement, Paragraph 5). Respondent recognized that Petitioner provided cooperation and based its decision not to seek no any further enhancements to the base offense level because of his cooperation. Respondent also agreed to move for a sentence below the ten year mandatory minimum sentence as a result of Petitioner's cooperation. (See, Id. at Paragraphs 6-9).

This second agreement does not include any recommendation as to Respondent's criminal history or whether the "safety valve" provisions may apply to his case. (See, Id. at Paragraph 10). The parties also agreed that the District Court was not bound by this second agreement. (See, Id. at Paragraph 11).

On March 28, 2005 at the sentencing hearing, the District Court interpreted the Memorandum of Sentencing Agreement to mean that the parties would allow the Court to decide the gun and "safety valve" issues. The parties agreed with this interpretation. (See, Transcript of Sentencing Hearing, at p. 27-28, attached hereto as Exhibit D).

This Court accepted the Plea Agreement filed by the parties finding the Plea Agreement adequately reflected the seriousness of the actual offense behavior and did not undermine the statutory purposes of the Sentencing Guidelines. (See, Transcript of

Sentencing Hearing, at p. 38). This Court also accepted the Memorandum of Sentencing Agreement and modified the Presentence Report to reflect a base offense level of 32.

Petitioner's counsel did not object to this Court's failure to follow the term of the plea agreement which made the Guidelines binding upon this Court for purposes of determining Petitioner's sentence. Instead, this Court found the gun enhancement applied and increased Petitioner's offense level two points, even though Petitioner did not admit to possessing a firearm in relation to the commission of his offenses. As a result of this finding, this Court also found the "safety valve" did not apply and denied Petitioner's request to reduce his sentence by two levels. This Court reduced Petitioner's offense level three points for acceptance of responsibility. (See, Id. at 37-38).

With a Criminal History Category of I and a total offense level of 31, Petitioner's sentencing range under the Sentencing Guidelines was 108-135 months. (See, Id. at 38). This Court granted the Respondent's motion for a downward departure based upon Petitioner's cooperation and found the mandatory minimum of ten years did not apply. (See, Id. at 40-41). This Court chose 110 months as the appropriate sentence. Petitioner's counsel did not file a notice of appeal.

///

///

///

///

///

///

A. PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS PRIOR ATTORNEY FAILED TO OBJECT AND REQUIRE THIS COURT TO BE BOUND BY THE TERMS OF THE PLEA AGREEMENT AND MEMORANDUM OF SENTENCING AFTER THE COURT ADOPTED BOTH OF THESE AGREEMENTS AT SENTENCING THEREBY MAKING THE GUIDELINES BINDING AND MANDATORY IN THIS CASE, PRECLUDING THIS COURT FROM FINDING THE GUN ENHANCEMENT APPLIED TO THIS CASE, AND REQUIRING THIS COURT TO APPLY THE "SAFETY VALVE" DEPARTURE TO THIS CASE.

A defendant is denied his right to effective assistance of counsel guaranteed under the Sixth Amendment to the United States Constitution when his counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as producing a just or fair result. In order to prevail on this claim, a defendant must show both his attorney's performance fell below an objective standard of reasonableness, and that he suffered prejudice because of his attorney's deficient performance. But for this unprofessional error, the results would have been different. Strickland v. Washington, 466 U.S. 668, 688 (1984).

A defendant is entitled to effective assistance of counsel at the sentencing stage of his criminal proceedings. Glover v. United States, 531 U.S. 198, 200 (2001). His attorney's performance would fall below an objective standard of reasonableness when counsel failed to object to an erroneous application of the Guidelines to his client's case. Cabello v. United States, 884 F.Supp. 298, 300-301 (N.D.Ind. 1995). Prejudice is established by showing that the defendant would have received less time in custody if his attorney would have objected to the erroneous application of the Guidelines to his case. Glover v. United States, 531 U.S. at 202-203.

In this case, Petitioner's prior counsel was deficient in failing to argue that this Court was bound by the terms of the plea

agreement. Once the Court adopted and accepted the terms of the plea agreement at sentencing, Petitioner was entitled to specific performance of the term of the plea agreement making this Court bound by and required to follow the Guidelines when determining the appropriate sentencing range in this case.

Under Federal Rules of Criminal Procedure, Rule 11(e)(1), the parties may enter into an agreement to (A) dismiss other charges, (B) make a recommendation to the Court for a particular sentence with the understanding the recommendation is not binding upon the Court, and/or (C) agree that a specific sentence is the appropriate disposition of the case. If the agreement is the type set forth in (A) or (C), the Court may accept the agreement or defer this decision until the Court has had an opportunity to consider the presentence report. If the agreement is the type set forth in (B), then the Court must advise the defendant that if the Court does not accept the recommendation the defendant does not have a right to withdraw his guilty plea(s). See, Federal Rules of Criminal Procedure, Rule 11(e)(2). Regardless of the type of agreement, a Court may not finalize its acceptance of a plea agreement until it has reviewed the presentence report. United States v. Ritsema, 89 F.3d 392 (7th Cir. 1996); United States v. Cordova-Perez, 65 F.3d 1552, 1556-57 (9th Cir. 1995); U.S.S.G. § 6B1.1(c).

A district court's role in the plea bargaining process is limited to acceptance or rejection of the agreement after it has been finalized. Once the district court has reviewed the presentence report and accepted a plea agreement, the court is bound by the terms of the agreement it has accepted. United States

///

v. Fagan, 996 F.2d 1009, 1013 (9th Cir. 1993); United States v. Patrida-Parra, 859 F.2d 631-633 (9th Cir. 1988).

There is no provision in the Rules of Criminal Procedure allowing a district court to reject or modify an agreement once accepted. United States v. Patrida-Parra, 859 F.2d at 632-633. Rule 11(e)(3) confirms this rule of law. "If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement."

The fact that Rule 11 permits the district court to defer acceptance until a presentence report is prepared and then reviewed by the court speaks to the binding quality of the court's acceptance. If the court were free to accept or reject at any time there would be no need to include deferral as an option. A district court's approval may only be rescinded if the defendant has perpetrated a fraud upon the court. United States v. Ritsema, 89 F.3d at 400.

A district court may not withdraw its prior approval based upon the court's own unilateral mistake if plea bargain accurately reflects the parties' agreement and the defendant has complied with its terms. Once the district court has signed off on the plea agreement, the court is bound by its terms. If the district court fails to abide by the terms of the agreement, a defendant may either withdraw his previous guilty plea(s) or request specific performance of the accepted terms of the plea agreement. Id. at 400-402.

In this case, it is unclear whether the agreement entered by the parties was the type set forth in Rule 11(e)(1)(B) or (C). Per

the terms of the plea agreement, the recommendations by the parties were not binding upon this Court indicating a Rule 11(e)(1)(B) type of agreement. Yet, at the time of the change of plea, the magistrate indicated that the Petitioner could withdraw his pleas if this Court rejected the parties' plea agreement indicating a Rule 11(e)(1)(C) type of agreement. However designated, once this Court accepted the plea agreement after reviewing the presentence report in this case, the terms of the plea agreement became binding upon this Court.

The net effect of this Court's decision made the Guidelines mandatory and binding when determining the Petitioner's sentence. Conversely, the plea agreement made the remedial portion of the Booker opinion no longer applicable when determining the appropriate sentence for the Petitioner. See, See, United States v. Booker, -- U.S. --, 125 S. Ct. 738, 756 (Breyer, J., opinion of the Court) (hereinafter "remedial majority opinion") (2005).

Per agreement of the parties and the acceptance of the agreement by this Court, the Guidelines were binding upon this Court requiring a mandatory application to Petitioner's sentence and triggering the Sixth Amendment protections set forth in the substantive majority's opinion in Booker. In United States v. Booker, the United States Supreme Court ruled the Sixth Amendment protections, as set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. ---, 124 S.Ct 2531 (2004), are applicable to the United States Sentencing Guidelines. Any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted

by the defendant or proved to a jury beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. at 490. The statutory maximum sentence is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury's verdict or admitted by the defendant. Blakely v. Washington, 124 S.Ct. at 2537. Applying these two holdings to the Guidelines, to the extent a district court seeks to increase a defendant's offense level and corresponding sentencing range using enhancements set forth in the Guidelines, the facts used to prove those enhancements must be found by a jury beyond a reasonable doubt unless they are admitted by the defendant. United States v. Booker, 125 S. Ct. at 749-750 (Stevens, J., opinion of the Court) (hereinafter "substantive majority opinion").

It should be pointed out that both opinions in Booker and a recent holding by this Circuit find the portions of the Guidelines which are mandatory and impose binding requirements on all judges trigger the Sixth Amendment protections set forth in Apprendi and Blakely. United States v. Booker, 125 S.Ct at 749-750 (substantive majority opinion); 125 S.Ct at 764 (remedial majority opinion); United States v. Ameline, 409 F.3d 1073, 1077-1078 (9th Cir. 2005).

In the plea agreement, the parties agreed the Guidelines would be mandatory and binding upon this Court in the determination of the Petitioner's sentence. Despite the agreement of the parties and this Court's acceptance of the plea agreement, this Court found the Guidelines were advisory in violation of the plea agreement and contrary to its own ruling.

Prior defense counsel should have objected and required specific performance of the term of the plea agreement making the

Guidelines mandatory and binding upon this Court. This negotiated term of the plea agreement provided Petitioner with the Sixth Amendment protections set forth in the substantive majority opinion in Booker limiting this Court to Petitioner's admissions when determining whether any Guideline enhancements could be applied to increase his offense level.

Petitioner was prejudiced by his prior counsel's deficient performance because this Court improperly increased his sentence by four levels and increased the potential sentencing range by four years. Since Petitioner never admitted to possession of a firearm in connection with the conspiracy to distribute methamphetamine, this Court was precluded from finding the gun enhancement applied to this case and increasing his total offense level two points or levels. In addition, this Court should have applied the "safety valve" provisions, which were denied in light of this Court's finding as to the gun enhancement, thereby resulting in a further decrease of two levels in Petitioner's total offense level.

Petitioner should have a total offense level of 27, not 31 as was determined by this Court at sentencing. Petitioner's corresponding sentencing range should have been 70-87 months, not 108-135 months. Even if this Court sentenced at the high end of the correct sentencing range, Petitioner still would not have received a sentence of 110 months. As a result, prior counsel's performance prejudiced Petitioner, and this Court should grant Petitioner's Motion to Vacate, Set Aside, and Correct the sentence imposed in this case.

///

///

B. PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN PRIOR COUNSEL FAILED TO ARGUE THE SUPREME COURT'S HOLDING IN BOOKER LIMITED THIS COURT TO PETITIONER'S ADMISSIONS WHEN DETERMINING THE APPLICABLE SENTENCING GUIDELINE RANGE FOR HIS CASE.

A defendant is denied his right to effective assistance of counsel guaranteed under the Sixth Amendment to the United States Constitution when his counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as producing a just or fair result. In order to prevail on this claim, a defendant must show both his attorney's performance fell below an objective standard of reasonableness, and that he suffered prejudice because of his attorney's deficient performance. But for this unprofessional error, the results would have been different. Strickland v. Washington, 466 U.S. at 688.

A defendant is entitled to effective assistance of counsel at the sentencing stage of his criminal proceedings. Glover v. United States, 531 U.S. at 200. His attorney's performance would fall below an objective standard of reasonableness when counsel failed to object to an erroneous application of the Guidelines to the defendant's case. Cabello v. United States, 884 F.Supp. at 300-301. Prejudice is established by showing that the defendant would have received less time in custody if his attorney would have objected to the erroneous application of the Guidelines to his case. Glover v. United States, 531 U.S. at 202-203.

In this case, the performance of Petitioner's counsel was deficient when he failed to argue that this Court was limited to Petitioner's admissions when determining the applicable sentencing guideline range for his case. Counsel raised these arguments prior to sentencing in his moving papers, but failed to address this

issue at sentencing when this Court decided whether the gun enhancement applied to Petitioner's case.

In United States v. Booker, the United States Supreme Court ruled the Sixth Amendment protections, as set forth in Apprendi v. New Jersey, 530 U.S. 466 and Blakely v. Washington, 124 S.Ct 2531, are applicable to the United States Sentencing Guidelines. Any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. at 490. The statutory maximum sentence is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury's verdict or admitted by the defendant. Blakely v. Washington, 124 S.Ct. at 2537. Applying these two holdings to the Guidelines, to the extent a district court seeks to increase a defendant's offense level and corresponding sentencing range using enhancements set forth in the Guidelines, the facts used to prove those enhancements must be found by a jury beyond a reasonable doubt unless they are admitted by the defendant. United States v. Booker, 125 S. Ct. at 749-750 (substantive majority opinion).

Both opinions in Booker and a recent holding by this Circuit find the portions of the Guidelines which are mandatory and impose binding requirements on all judges trigger the Sixth Amendment protections set forth in Apprendi and Blakely. United States v. Booker, 125 S.Ct at 749-750 (substantive majority opinion); 125 S.Ct at 764 (remedial majority opinion); United States v. Ameline, 409 F.3d at 1077-1078. To address the Sixth Amendment violations,

Justice Breyer fashioned a remedy which excised 18 U.S.C. §§ 3553(b)(1) and 3742(e) from the Guidelines to eliminate portions of the sentencing statute which require courts to impose a sentence within the applicable Guideline's range. United States v. Booker, 125 S.Ct. at 756 (remedial majority opinion).

Petitioner is cognizant that one could argue the remedy as set forth by Justice Breyer undermines his claim in this section of the brief of Sixth Amendment violations. Yet, a close reading of both Booker opinions along with the statutory language of 18 U.S.C. § 3553(a) shows the Guidelines after Booker still remain mandatory and impose binding requirements on all sentencing judges. As a result, prior counsel should have objected to this Court increasing Petitioner's offense level two levels for a gun enhancement and failing to apply the "safety valve" provisions because the gun enhancement applied because this Court relied upon facts other than those found by a jury beyond a reasonable doubt or admitted by Petitioner to reach these conclusions.

The substantive and remedial majority opinions do not disagree as to the following rule: a sentencing judge must consider the Guidelines when imposing a sentence in any criminal case. The remedial majority opinion relied upon the mandatory language in 18 U.S.C. § 3553(a)(4) to reach this conclusion. In fact, Justice Breyer found consideration of Guidelines was the only factor amongst those listed in 18 U.S.C. § 3553(a) which must be considered by a court. United States v. Booker, 125 S.Ct at 750 (substantive majority opinion); 125 S.Ct. at 757 (remedial majority opinion) ("It requires a sentencing court to consider Guidelines ranges, see 18 U.S.C. § 3553(a)(4) (Supp. 2004), but it permits the

court to tailor the sentence in light of other statutory concerns as well, see § 3553(a) (Supp. 2004)") (emphasis added).

The mandatory language of 18 U.S.C. § 3553(a)(4), as written and as interpreted by the remedial majority, makes the Guidelines sentencing ranges binding upon all sentencing judges. Thus, the Sixth Amendment is implicated to the extent a court relies upon facts not found by a jury beyond a reasonable doubt or admitted by a defendant to increase the defendant's offense level and corresponding sentencing range.

This conclusion making the Guidelines sentencing ranges binding upon all sentencing judges is corroborated by the remaining language in 18 U.S.C. § 3553(a). Pursuant to this statute, a court is permitted to tailor a sentence in light of other statutory concerns listed in this section. First, a sentencing court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. See, 18 U.S.C. § 3553(a)(1). The Guidelines, as written, contain a comprehensive consideration of the majority of the circumstances relating to each type of crime and each person's criminal history. To the extent a factor or circumstance is present which had not been adequately taken into consideration by the Sentencing Commission, or when a discouraged factor under the Guidelines justifies departure because it is present in some unusual or exceptional manner, a district court may impose a sentence outside the Guideline range if the court finds the case is unusual enough to fall outside the heartland of cases in the Guidelines. Koon v. United States, 518 U.S. 81, 98 (1996).

///

When taken together, circumstances outlined in the Guidelines and those not adequately taken into consideration by the Guidelines, a district court in effect has considered all of the kinds of sentences available before imposing a sentence pursuant to 18 U.S.C. § 3553(a)(3). Thus, a court must consider the Guidelines when meeting its obligations under 18 U.S.C. §§ 3553(a)(1) and (a)(3).

In addition, a court also must consider the Guidelines in order to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct. See, 18 U.S.C. § 3553(a)(6). Both Justices Stevens and Breyer acknowledged in Booker that Congress adopted the Guidelines to ensure that similarly situated defendants receive similar sentences and/or that sentencing disparity is eliminated. United States v. Booker, 125 S.Ct at 759 (remedial majority opinion); 125 S.Ct. at 783 (Stevens, J., dissenting opinion).

Thus, a court must consult or consider the applicable sentencing range from the Guidelines in order to take into consideration and incorporate the other factors listed in 18 U.S.C. § 3553(a) when determining a defendant's sentence. The net effect of tailoring a sentence in light of the other statutory concerns listed in 18 U.S.C. § 3553(a) is that the Guidelines must be considered to complete this analysis thereby making the Guidelines and the Guideline sentencing range binding upon the court.

Accordingly, a court may only rely upon facts found by a jury beyond a reasonable doubt or admitted by a defendant to determine a defendant's offense level and corresponding sentencing range under the Guidelines. In cases like this one where the Petitioner did

not exercise his right to trial and has made certain admissions at the time of his change of plea, in the plea agreement and the memorandum of sentencing, this Court must limit Petitioner's offense level to these admissions. Otherwise, the Sixth Amendment protections set forth in Booker will be completely undermined and meaningless.

Petitioner was prejudiced by his prior counsel's deficient performance because this Court improperly increased his sentence by four levels: increased his sentence two levels for the gun enhancement and failed to decrease his offense level two levels finding the safety valve did not apply because of the gun enhancement. In effect, Petitioner should have had a total offense level of 27, not 31 as was determined by this Court at sentencing. Petitioner's corresponding sentencing range should have been 70-87 months, not 108-135 months. Even if this Court sentenced at the high end of this new sentencing range, Petitioner still would not have received the 110 months sentence imposed in this case. As a result, prior counsel's performance prejudiced Petitioner, and this Court should grant Petitioner's Motion to Vacate, Set Aside, and Correct the sentence imposed in this case.

///

///

///

///

///

///

///

///

CONCLUSION

For the above reasons, this Court should grant Petitioner's Motion to Vacate, Set Aside and/or Correct his sentence, and conduct a new sentencing hearing in this matter.

Dated: March 20, 2006

Respectfully Submitted,

MICHAEL S. EVANS
Attorney for Defendant/Petitioner
MICHAEL FARINA