EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LOUIS A. BRACCO
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail:  Lou.Bracco@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL FARINAS, | ) | CV. NO. 06-00163 HG-LEK |
| | ) | (CR. NO. 03-00221 HG) |
| Petitioner, | ) | |
| | ) | CV. NO. 06-00164 HG-LEK |
| vs. | ) | (CR. NO. 03-00350 HG) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | GOVERNMENT'S REPLY TO |
| | ) | DEFENDANT MICHAEL FARINAS' |
| Respondent. | ) | (28 U.S.C. § 2255) PETITION |
| | ) | TO VACATE HIS SENTENCE; |
| | ) | CERTIFICATE OF SERVICE |

GOVERNMENT'S REPLY TO DEFENDANT MICHAEL FARINAS'
(28 U.S.C. § 2255) PETITION TO VACATE HIS SENTENCE

A.   INTRODUCTION

This pleading is filed pursuant to Hawaii Local

District Court Rule 7.10, and responds to the 28 U.S.C. § 2255

petition of convicted Defendant Michael Farinas ("Farinas") filed

March 22, 2006.  Defendant/Petitioner Farinas is represented in

this § 2255 petition by new counsel, Michael Evans, Esq.  Mr.

Evans also submits a legal memorandum in support of Farinas'

petition.

In short, Petitioner Farinas now challenges the sentence imposed by this Court on March 28, 2005, pursuant to his guilty plea(s). Farinas claims that the attorney who represented him at his sentencing proceeding, Myles Breiner, Esq., did not effectively represent him at sentencing because Mr. Breiner: (1) failed to require the Court to follow the terms of Farinas' written plea agreement (which Petitioner argues made application of the sentencing guidelines mandatory), and, (2) failed to insure that the Court imposed a sentence consistent with United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005) (which Petitioner argues limits sentencing factual determinations to his plea admissions).

Farinas' claim(s) that Mr. Breiner failed to perform effectively are without merit. We address the specifics of these claims in Part C herein.

In short, however, Mr. Breiner was not ineffective; Petitioner Farinas made a knowing and voluntary tactical decision to enter into a written sentencing agreement, in lieu of litigating a myriad of guideline sentencing issues, the outcome of which most probably would have been adverse to him. Petitioner's legal argument(s) that (1) the terms of his plea agreement made application of the sentencing guidelines mandatory (even after Booker), and, (2) that Booker permits sentencing only

as to those facts which a defendant has admitted, are also plainly wrong.

Indeed, as we explain below, Petitioner received quantifiable sentencing benefits by reason of his agreement, including, a sentence below the statutory 120-month mandatory minimum term.  And, beyond the fact that Petitioner Farinas' decision to enter his written sentencing agreement was a tactical choice to which he should be held, Petitioner is also unable to demonstrate prejudice from imposition of sentence pursuant to his sentencing agreement.

B.  <u>BACKGROUND</u>

1.  <u>Petitioner's Guilty Pleas</u>

On May 7, 2003, Petitioner and his brother (Elmer Farinas) were jointly charged with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846 (Cr. No. 03-00221 HG).  Shortly thereafter, Petitioner entered into a written plea agreement which provided for his cooperation with law enforcement.  In this plea agreement, Petitioner agreed to plead guilty to the already charged drug conspiracy offense (Cr. No. 03-00221 HG), and, to a substantive money laundering offense which would be charged by Criminal Information (Cr. No. 03-00350 HG).  A copy of Petitioner's written plea agreement is annexed to his petition as Exhibit "A."

3

Petitioner consented to proceed with guilty plea proceedings before a magistrate judge. Accordingly, on July 17, 2003, Rule 11 proceedings were conducted by Magistrate Judge Leslie Kobayashi. At this hearing, Petitioner waived Indictment as to the Criminal Information charging the substantive money laundering count (Cr. No. 03-00350 HG), and thereafter, entered guilty pleas to both the methamphetamine conspiracy offense charged in the Indictment (Cr. No. 03-00221), and to the money laundering offense charged in Criminal Information. Upon satisfying herself during the Rule 11 colloquy that a sufficient factual basis existed to support these guilty pleas, Magistrate Kobayashi accepted the pleas and set a date for the sentencing hearing. A transcript of the Rule 11 hearing before Magistrate Judge Kobayashi is annexed to Farinas' petition as Exhibit "B."

Prior to, and during, the guilty plea proceedings, Petitioner Farinas was represented by Honolulu attorney Sam King, Jr. It does not appear from the present petition that Farinas is alleging any ineffective representation conduct by Mr. King, or, that Farinas is contesting the validity of either of his guilty pleas.

    2.    Prospective Sentencing Issues

Petitioner's sentencing hearing date was continued from time-to-time, principally in order to allow Petitioner time to provide the cooperation envisioned by his written plea agreement.

4

However, at some point while sentencing proceedings were pending, Petitioner discharged Mr. King, and retained Mr. Breiner as his attorney.

It was also the circumstance at this time that Petitioner Farinas prospectively faced a number of contentious sentencing issues, both factual and legal.  On the legal side, decisions by the United States Supreme Court in <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S. Ct. 2531 (2004), and by the Ninth Circuit in <u>United States v. Ameline</u>, 376 F.3d 967 (9th Cir. 2004), each issued after Farinas had entered his guilty pleas, had worked a "sea change" in the area of Federal Sentencing law.  Additionally, many factual sentencing issues had yet to be resolved, including Petitioner's base offense guideline level, leadership role, possible firearms enhancement, and eligibility for safety valve.  Furthermore, in the midst of these unresolved legal and factual issues which would necessarily affect Farinas' sentence, the Supreme Court (on January 12, 2005) decided <u>United States v. Booker</u>, <u>supra</u>.  As we now know, <u>Booker</u> effectively made the Federal Sentencing Guidelines advisory only.

   3.   <u>*Booker* and Petitioner's Sentencing Agreement</u>

Facing the newly advisory only sentencing guidelines, Petitioner Farinas and Mr. Breiner sought to limit the many uncertainties of Farinas' sentencing exposure, by negotiating and entering into a sentencing agreement.  This agreement, which was

made in writing and was subject to the approval of the Court, was plainly tactical in nature. The sentencing agreement between adverse parties conferred upon Farinas certain sentencing benefits, and, simultaneously, required that Farinas make concessions as to cooperation credit.

The benefits conferred upon Farinas by the written sentencing agreement were substantial. First, although the Presentence Report ("PSR") recommended a base offense level of level 36, the sentencing agreement ("SA") provided for a base offense level of level 32 -- a 4 level benefit for Farinas. Additionally, although the PSR recommended a 4 level role in the offense enhancement based on Farinas' offense conduct, the SA provided that no enhancement would be assessed -- an additional 4 level benefit. The SA also provided that Farinas would receive an additional 1 level benefit for timely acceptance of responsibility. Thus, the SA conferred a 9 level benefit to Farinas.

Conversely, Farinas conceded that the benefits conferred upon him by the sentencing agreement would adequately reward him for any past (and future) cooperation conduct. The SA also expressly excluded any computation as to Farinas' criminal history category, and, as to whether or not Farinas might be eligible for safety valve consideration. The SA provided that in the event the Court made the determination that Farinas did not

qualify for the safety valve, the U.S. Attorney would move for departure below the statutory minimum, so that Farinas might reach the lower limit of any guideline range found to apply by the Court.  A copy of Farinas' written sentencing agreement is annexed to his petition as Exhibit "D."

    4.  <u>Imposition of Farinas' Sentence</u>

        Sentencing proceedings were conducted before Judge Gillmor on March 28, 2005.  As part of the sentencing proceedings, Judge Gillmor queried Petitioner about the voluntariness of his written sentencing agreement.  Upon satisfying herself that Farinas had made a knowing and voluntary decision to enter into the written sentencing agreement, Judge Gillmor imposed sentence in accordance therewith.

        Pursuant to the sentencing agreement, Judge Gillmor found the base offense level to be level 32, and, did not impose any leadership role enhancement.  Judge Gillmor also found that 3 points were warranted for acceptance of responsibility.  As to matters not covered by the SA, Judge Gillmor found that a 2 level firearms enhancement was warranted, and, that Farinas' Criminal History Category was Category I.

        Judge Gillmor's sentencing findings resulted in an advisory guideline sentencing range of level 31 (CHI) –– 108-135 months.  As the SA authorized a sentence below the statutory minimum term, Judge Gillmor imposed a 110-month prison sentence.

A transcript of the sentencing hearing before Judge Gillmor is annexed to Farinas' petition as Exhibit "C."

C.   EFFECTIVE ASSISTANCE OF COUNSEL:  STANDARDS

Trial counsel is strongly <u>presumed</u> to have rendered effective assistance.  <u>United States v. Austin</u>, 817 F.2d 1352, 1354 (9th Cir. 1987); <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986); <u>United States v. Rodriquez-Ramirez</u>, 777 F.2d 454, 458 (9th Cir. 1985).

In order to establish that he has been deprived of his right to effective assistance of counsel, a defendant has the burden of establishing (1) specific acts or omissions by his attorney which fall below the performance of reasonably competent counsel, and, (2) that such specific errors prejudiced the defendant to the extent that the errors undermined the reliability of the factual finding.  <u>United States v. Cronic</u>, 466 U.S. 648, 659 n.26 (1984); <u>Strickland v. Washington</u>, 466 U.S. 668, 687-690 (1984); <u>United States v. Sutton</u>, 794 F.2d 1415 (9th Cir. 1986); <u>Cooper v. Fitzharris</u>, 586 F.2d 1325, 1330 (9th Cir. 1978) (en banc), <u>cert. denied</u>, 440 U.S. 974 (1979).  To demonstrate prejudice as a result of his attorney's ineffectiveness, a defendant must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  <u>Strickland v. Washington</u>, <u>supra</u>, 466 U.S. at 691-696.

8

Courts should review ineffective assistance of counsel claims skeptically. <u>United States v. Hoffman</u>, 733 F.2d 596, 604 (9th Cir. 1984) (Nelson, Jr., dissenting), <u>cert. denied</u>, 469 U.S. 1039 (1984). In examining attorney conduct, the court must be careful not to narrow the wide range of conduct acceptable under the Sixth Amendment. <u>Nix v. Whiteside</u>, 475 U.S. 157, 165 (1986).

The Ninth Circuit requires that a defendant claiming ineffective assistance of counsel specifically identify the acts or omissions that are alleged <u>not</u> to have been the result of reasonable professional judgment; then the court must determine, in light of all the circumstances, whether the identified acts or omissions were outside the wide range of professionally competent assistance. <u>United States v. Schaflander</u>, 743 F.2d 714, 717-718 (9th Cir. 1984), <u>cert. denied</u>, 470 U.S. 1058 (1985). It is important to bear in mind that counsel is not required to perform perfectly, <u>Hill v. Lockhart</u>, 731 F.2d 568, 572 (8th Cir. 1984), <u>aff'd</u> (en banc), 764 F.2d 1279 (8th Cir. 1984), <u>aff'd</u>, 474 U.S. 52 (1985); <u>United States v. Medina-Verdugo</u>, 637 F.2d 649, 653 (9th Cir. 1980). "... [T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland v. Washington</u>, <u>supra</u>, 466 U.S. at 690.

D.  <u>ANALYSIS OF FARINAS'§ 2255 CLAIMS</u>

Given the procedural history of Farinas' case, it is readily apparent that his present § 2255 petition is without merit.

Importantly, Petitioner Farinas received the sentence he bargained for, and, should not now be heard to complain. Farinas' decision to enter into a binding sentencing agreement was manifestly a tactical one.  Petitioner was not required to enter into any type of sentencing agreement, and could have instead elected to litigate each and every sentencing issue. Tactical decisions which are not objectively unreasonable do not constitute ineffective assistance of counsel.  <u>See eg.</u>, <u>Hensley v. Christ</u>, 67 F.3d 181, 184-185 (9th Cir. 1995); <u>Hughes v. Borg</u>, 898 F.2d 695, 703 (9th Cir. 1990).  The colloquy conducted by Judge Gillmor at the sentencing hearing demonstrates that Petitioner made a knowingly and voluntary decision to proceed under the sentencing agreement (SH 31-33).[1]

Equally important, Petitioner Farinas has not shown, and cannot show, actual prejudice.  As a result of his tactical decision to proceed via sentencing agreement, Petitioner Farinas received a guaranteed 9 level benefit, and an overall 8 level reduction.  Absent the 4 level benefit in base offense level, and

---

[1]  "SH" refers to the transcript of the sentencing hearing which is annexed to Farinas' § 2255 petition as Exhibit "C."

the additional 4 level benefit for no role enhancement,

Petitioner's total offense level (after factoring in acceptance

of responsibility) would have been level 39.

Judge Gillmor, too, recognized that, absent the

sentencing agreement, Farinas' total offense level would have

been level 39 (SH 40).  As Judge Gillmor also observed (SH 18):

> THE COURT:  <u>This is an agreement which takes your
> client from 262 months to 327 months</u> and you're
> quibbling over —- <u>you're going down 140 months</u> and
> you're quibbling over it, Mr. Breiner.
>
> MR. BREINER:  I'm sorry you have that impression,
> Judge.  I'm not quibbling, what I'm doing is —-
>
> THE COURT:  Well, that's where you are.  I mean you may be
> right about everything that you're saying in the sense that this
> isn't something that you folks have discussed, et cetera, but
> <u>from point of view of the presentence report, this is a major,
> major boon to your client</u>.  (Emphasis supplied.)

Thus, Farinas' contrary assertion (Evans Memorandum at page 17)

that "... Petitioner should have had a total offense level of 27"

is simply wrong.[2]

Equally without merit is Petitioner's related

contention that he was prejudiced as a result of being denied a

safety valve adjustment, because Judge Gillmor found that he

possessed a firearm in connection with the offense, and,

consequently, that the "safety valve" did not apply.  Assuming

---

[2]  It appears that Petitioner's incorrect factual
calculations as to total offense level stem from his erroneous
legal premise that <u>Booker</u> permits sentencing only as to facts
admitted by Petitioner at the guilty plea.  See Evans Memorandum
at 16-17.

arguendo that Farinas should have received an additional 2 level
downward adjustment for "safety valve," his offense level would
still have been level 37, well beyond the level 31 which was
found by Judge Gillmor to apply pursuant to the sentencing
agreement.   Thus, Petitioner Farinas has not demonstrated
prejudice.

        We are also unable to understand Petitioner Farinas'
argument that Mr. Breiner performed ineffectively because he
failed to persuade the Court to proceed with sentencing under a
mandatory guideline regime, post-Booker.   Clearly, after Booker
was decided, a federal judge could not have constitutionally
sentenced a defendant under a mandatory guideline regime, even
had such a regime been beneficial to the defendant.   See Booker,
125 S. Ct. at 768-769.   Moreover, as previously explained herein,
even had Judge Gillmor proceeded (in error) under a mandatory
guideline regime, Farinas' sentencing level would have been much
higher than level 31 –- level 37 or level 39.   Thus, again,
Farinas has failed to demonstrate how he has been prejudiced by
being sentenced under advisory, rather than mandatory, sentencing
guidelines.

        Finally, we note that Farinas cannot demonstrate
prejudice from being sentenced under the binding sentencing
agreement for an entirely separate reason.   Given the chance to
withdraw from the SA, Farinas declined to do so –- a second

12

tactical decision.  After explaining to Petitioner that she would have to make a sentencing finding as to the firearms possession (Guideline § 2D1.1(b)(1)) issue, Judge Gillmor gave Petitioner an opportunity to withdraw from his binding sentencing agreement (SH 19, 23-27).  However, recognizing the obvious benefits of being sentenced at level 31 rather than level 37 or level 39, Petitioner tactically declined to withdraw from the sentencing agreement (SH 18-20, 26-27).

### E.  <u>CONCLUSION</u>

The sentencing record unequivocally demonstrates that Mr. Breiner performed effectively -- if not exceptionally -- in connection with Petitioner's sentencing.  Mr. Breiner successfully reduced Petitioner's sentencing exposure from level 39 (262-327 months) to level 31 (108-135 months), and ultimately, obtained a sentence of only 110 months.  In Judge Gillmor's view, Mr. Breiner achieved a "major boon" which benefitted -- and did <u>not</u> prejudice -- Petitioner at sentencing.

//

//

//

//

//

//

13

Wherefore, for the reasons stated herein, Farinas'
present § 2255 petition should be dismissed.

DATED:  April 20, 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /s/ Louis A. Bracco
    LOUIS A. BRACCO
    Assistant U.S. Attorney

14

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods
of service noted below, a true and correct copy of the foregoing
was served on the following at their last known addresses:

Served Electronically through CM/ECF:

        Myles Breiner, Esq.
        mbreiner@hawaii.rr.com

        Former Attorney for Petitioner (Courtesy Copy)

Served by First Class Mail:

        Michael Evans, Esq.
        18411 Crenshaw Boulevard
        Torrance, CA   90504

        Attorney for Petitioner
        MICHAEL FARINAS

    DATED:  April 20, 2006, at Honolulu, Hawaii.


        /s/ Dawn M. Aihara