IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL FARINAS,<br><br>　　　　　Movant,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent.<br>_____ | ) Civil No. 06-00163 HG-LEK<br>) Criminal No. 03-00221 HG-01<br>)<br>) Civil No. 06-00164 HG-LEK<br>) Criminal No. 03-00350 HG-01<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

On May 7, 2003, Michael Farinas ("Movant") and his brother, Elmer Farinas, were jointly charged with conspiracy to distribute and possess with intent to distribute a quantity of methamphetamine in excess of 50 grams, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)1) and 846 (as to Cr. No. 03-00221 HG).

On July 17, 2003, Movant entered into a written plea agreement. In the plea agreement, Movant agreed to plead guilty to the already charged drug conspiracy offense, and financial transaction money laundering in violation of 18 U.S.C. § 1956(a)(1) (as to Criminal Information 03-00350).

Movant's sentencing hearing was continued several times in order to allow Movant time to provide cooperation as required by the written plea agreement. After Movant entered his guilty

plea, but while he was awaiting sentencing, the United States Supreme Court decided <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker</u>, 543 U.S. 220 (2005). Also during this time, the Ninth Circuit Court of Appeals decided <u>United States v. Ameline</u>, 400 F.3d 646 (9th Cir. 2005).

In response to these decisions, Movant sought to limit the many uncertainties of his sentencing exposure by negotiating and entering into a memorandum of sentencing agreement. On March 28, 2005, Movant was sentenced.

Movant has filed for habeas corpus relief pursuant to 28 U.S.C. § 2255. Movant alleges he received ineffective assistance of counsel.

For the reasons set forth below, the Motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 is DENIED.

### PROCEDURAL HISTORY

On May 7, 2003, the Government filed an indictment charging Movant with conspiracy "to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine, its salts, isomers, and salts of its isomers (a Schedule II controlled substance), in violation of Title 21, United States Code, Section 841(a)(1)." (Criminal No. 03-00221 HG).

On July 10, 2003, the Government filed Criminal Information charging Movant with money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (2). (Criminal No. 03-00350 HG).

On July 17, 2003, the Court heard Movant's Motion for Withdrawal of Not Guilty Plea and to Plead Anew in Cr. No. 03-00221 HG-01, and Movant's waiver of indictment, arraignment and plea of guilty to the Felony Information in Cr. No. 03-00350 HG-01.

On July 17, 2003, a Memorandum of Plea Agreement ("Plea Agreement") was filed.

On August 4, 2003, the Court entered the Acceptance of Plea of Guilty, Adjudication of Guilt and Notice of Sentencing as to Movant.

On September 16, 2004, Movant's attorney, Samuel P. King, Jr., withdrew as attorney of record. Myles S. Breiner was privately retained as counsel.

On March 28, 2005, Movant entered into the Memorandum of Sentencing Agreement.

On March 28, 2005, Movant was sentenced to the Indictment in Cr. No. 03-00221 HG and the Criminal Information in Cr. No. 03-00350 HG. Movant was sentenced to 110 months of imprisonment as to both the Indictment and the Criminal Information, to run concurrently. Movant was also sentenced to 5 years of supervised release for the Indictment and 3 years of supervised release as to the Criminal Information, to run concurrently.

On March 22, 2006, Movant filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant

to 28 U.S.C. § 2255 (the "Motion").

On April 20, 2006, the Government filed their Response to the Motion.

### STANDARD OF REVIEW

28 U.S.C. § 2255 ("§ 2255") permits a prisoner to move the court which imposed his sentence to vacate, set aside, or correct the sentence on the grounds that the sentence was unlawfully imposed. 28 U.S.C. § 2255.

A court shall hold an evidentiary hearing on a prisoner's § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's § 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

A habeas corpus movant must make two showings to succeed on

an ineffective assistance of counsel claim. First, he must demonstrate that counsel's performance was deficient. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Establishing deficient performance requires proving that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> Second, the movant must show that the deficient performance prejudiced him by affecting the outcome of his case. <u>Id.</u> The movant must demonstrate that "but for his counsel's ineffectiveness, the result of his proceedings would have differed." <u>Riggs v. Fairman</u>, 399 F.3d 1179, 1182 (9th Cir. 2005).

## ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

The Motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. Movant's allegations, when viewed against the record, do not state a claim for relief, therefore Movant is not entitled to an evidentiary hearing, and his motion is DENIED.

### 1. <u>Counsel's Alleged Failure to Object and to Require the Court to be Bound by the Plea Agreement and Sentencing Memorandum.</u>

Movant argues that his counsel was ineffective in failing to argue that the Court was bound by the terms of the memorandum of sentencing agreement ("Sentencing Agreement"), which stated that the Guidelines would be mandatory and binding upon the Court. Movant puts forth that once the Court adopted and accepted the

5

terms of the Sentencing Agreement at sentencing, Movant was "entitled to specific performance" of the terms of the agreement, making the Court "bound by and required to follow the Guidelines when determining the appropriate sentencing range in this case." (Movant's Memo. of Points and Authorities ("Movant's Memo") at 6-7.)

Movant alleges that he was prejudiced because the Court "improperly increased his sentence by four levels and increased the potential sentencing range by four years." (Id. at 11.) Movant contends that in the "plea agreement, the parties agreed the Guidelines would be mandatory and binding upon this Court in the determination of Movant's sentence. Despite the agreement of the parties and this Court's acceptance of the plea agreement, this Court found the Guidelines were advisory in violation of the plea agreement and contrary to its own ruling." (Id. at 10.)

The Court does not agree with Movant's argument that his previous counsel performed ineffectively because he failed to argue that the Court should proceed with sentencing under a mandatory guideline regime after the Supreme Court's decision in Booker. After the Booker decision a federal judge could not have constitutionally sentenced a defendant under a mandatory guideline regime, even if such a regime would have been beneficial to the defendant. See Booker, 543 U.S. at 266-67.

Movant also argues that, had the Sentencing Agreement been

followed and the Guidelines been treated as mandatory, Movant's total offense level would have been 27, not 31. Movant seems to contend that had the Guidelines been followed as mandatory, the Court would have been precluded from finding the two-level enhancement for possession of the firearm and Movant would have not been denied the two-level "safety valve" provisions. Movant puts forth that this resulted in an improper increase of four levels.

Movant's argument fails. Movant's argument considers that Movant's total criminal offense level would have been 31. Under a mandatory guideline regime, however, Movant would have had a base offense level of 37 or 39. Movant's base offense level was 36 before the Sentencing Agreement. Movant received a four-level benefit for no role enhancement; without this benefit, Movant would have had a criminal offense level of 40. Movant would have received a one-level benefit for acceptance of responsibility, thus giving him a criminal offense level of 39. The Court stated at sentencing that prior to Blakely and Booker, Movant would "have been looking at a range of 262 to 327 months." (Sent. Hear. Tran. at 44, attached to Movant's Memo as "Ex. C.")

Movant cannot show that his counsel was ineffective, as he cannot show that his counsel was deficient or that he was prejudiced by counsel's representation. Movant greatly benefitted from the Sentencing Agreement, as his sentencing range

7

decreased from a range of 262-327 months to 108-135 months. Movant's contention that he received ineffective assistance of counsel because his attorney at sentencing failed to convince the Court to sentence under a mandatory sentencing regime has no merit, and his motion is therefore DENIED.

2.  **Counsel's Alleged Failure to Argue That the Court Was Limited to Movant's Admissions When Determining the Applicable Sentencing Guideline Range**

It is Movant's argument that since he never admitted to possession of a firearm in connection with the conspiracy to distribute methamphetamine, the Court was precluded from finding the gun enhancement applied and increasing his total offense level two levels. Movant sets forth that his counsel was ineffective because counsel failed to address this issue at the sentencing hearing when the Court decided whether the gun enhancement applied to Movant's case.

Movant also sets forth that the Court should have applied the "safety valve" provisions which would have reduced his level by two, thus making his offense level 27 as opposed to 31 as determined by the Court at sentencing. He alleges that the corresponding sentencing range should have been 70-87 months, not 108-135 months as found by the Court.

Movant's arguments are without merit. The Court can sentence a defendant on the basis of facts to which defendant admitted. See United States v. Thomas, 447 F.3d 1191, 1200 (9th

Cir. 2006)(finding that the district court committed no error in sentencing defendant based on quantity of drugs admitted to by defendant in the plea agreement.)  As discussed in the following paragraphs, Movant acknowledged the Court's interpretation of the plea agreement and agreed to be sentenced accordingly, understanding that the Court would include the firearm enhancement.  Movant's acceptance of the plea agreement constitutes a knowing and voluntary admission of possession of the firearm.

Further, Movant cannot show that his counsel at sentencing erred by not addressing Movant's alleged failure to admit to the firearm possession.  The Court could consider the firearm even if the Government agreed to not seek the enhancement, as "the government could not bargain away the district court's duty to consider all relevant facts in applying the Sentencing Guidelines." United States v. Flores-Payon, 942 F.2d 556, 562 (9th Cir. 1991) (finding that the government's decision not to seek a superseding indictment charging defendant with possession of a firearm and the court's consideration of a weapon as a specific offense characteristic in computing the offense level for sentencing purposes are two entirely different matters.)

Though the memorandum of sentencing agreement did not specifically address the firearm enhancement, the Presentence Report did address the firearm possession and Movant was informed

that the Court intended to deny the safety valve and enhance his sentence based on the firearm. The Court's decision to seek the firearm enhancement was discussed in depth at the sentencing hearing and Movant made a knowing and voluntary decision to continue with sentencing.

The Court and both parties, at the sentencing hearing, agreed that the Presentence Report suggests a two-point enhancement for possession of the firearm, but the Sentencing Agreement does not discuss the firearm possession. (Sent. Hear. Tran. at 36, attached to Movant's Memo As "Ex. C.") The Court explained that the Sentencing Agreement did not cover the gun question, as it is a question to be decided by the Court. Further, Movant's counsel even agreed that the Sentencing Agreement should be interpreted as the government remaining silent, "leaving it to the defense to argue to the court whether or not he's eligible for safety valve consideration." (Sent. Hear. Tran. at 28.)

At the sentencing hearing, the Court adopted the Presentence Report, but modified it to not include a four-level increase for being the organizer or leader. The Court also modified Paragraph 44 to conform with the Memorandum of Sentencing Agreement, therefore starting Movant at a total offense level of 32. The Court did adopt in part and accept the terms of the agreement at sentencing, and sentenced accordingly.

Movant cannot demonstrate that counsel's performance was deficient. The Court adopted the Presentence Report in part, modifying it to conform with the Sentencing Agreement. At the sentencing hearing, Movant objected to the enhancement for possession of a firearm, and stated that he did not believe that the firearm would be included according to the Sentencing Agreement. Once the Court made it clear that the safety valve would be denied because the gun enhancement would be applied, the Court offered to allow Movant to withdraw from the Sentencing Agreement. Movant's counsel requested a recess.

Movant and his counsel discussed the Court's decision regarding the gun's effect on sentencing and decided to "go forward with the sentencing." (Sent. Hear. Tran. at 27.) Later, the Court asked again if Movant understood what has happening at the sentencing hearing, and Movant's counsel replied, "My client and I have discussed it again during the recess and he wants to go forward with the sentencing agreement." (Sent. Hear. Tran. at 31.)

Movant knowingly and voluntarily entered into the Sentencing Agreement, and understood the inclusion of the firearm and the effect of the firearm on his sentence. Movant's counsel stated several times that Movant understood that he was benefitting greatly from the Sentencing Agreement, even with the inclusion of the firearm. The Court also questioned Movant regarding his

understanding of the Sentencing Agreement. The Court asked Movant, after clarifying the Court's intention to include the firearm enhancement, if he had read the Sentencing Agreement, if he talked about it with his counsel, if he understood it, and if he signed it. To all questions Movant answered in the affirmative. The Court also questioned Movant's counsel, asking counsel if he reviewed the Sentencing Agreement with his client, if he was convinced that Movant understands it, and if counsel was in agreement with the terms of the Sentencing Agreement. Counsel answered in the affirmative to all questions.

As a result of the Sentencing Agreement, Movant received an eight-point benefit.[1] Movant's offense level was found to start at 32. Movant received a three-point reduction for acceptance of guilt, and a two-point enhancement for possession of the firearm, resulting in a total offense level of 31. The Court found that Movant had a criminal history category of one and found that Movant was not eligible for the safety valve because of the fact that the gun was found in Movant's room when the search warrant was executed and he was a dealer in crystal methamphetamine at that time. The imprisonment range for this offense level and

---

[1] As previously explained, the Court adopted the Presentence Report with the exception of Paragraph 49, which added four points for the organizer or leader. The Court also modified Paragraph 44 of the Presentence Report to conform with the Sentencing Agreement, starting Movant at a base level of 32, rather than 36. These two modifications result in an eight-point reduction benefitting Movant. (See Sent. Hear. Tran. at 37).

criminal history would be 120 to 135 months due to the statutory mandatory minimum. After granting the Government's motion for a downward departure, the Court sentenced Movant to 110 months as to both the indictment charge and the information charge, with the terms to run concurrently. (Sent. Hear. Tran. at 38-45.)

It is clear that Movant understood the terms and the effects of the Sentencing Agreement when he agreed to be sentenced according to the Sentencing Agreement at the sentencing hearing. It is also clear that Movant accepted the Court's findings regarding the firearm. Movant cannot show that his counsel was deficient, as it is also evident that Movant greatly benefitted from the Sentencing Agreement. Movant's claims of ineffective assistance of counsel have no merit and are DENIED.

## CONCLUSION

1. Movant has not made showings to succeed on an ineffective assistance of counsel claim. First, he did not establish that his counsel's failure to convince the Court to sentence under a mandatory guideline regime was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Second, Movant did not show that any alleged deficient performance prejudiced Movant by affecting the outcome of his case. Movant did not demonstrate that "but for his counsel's ineffectiveness, the result of his proceedings would have differed." Movant's first claim of ineffective counsel is

DENIED.

2. Movant has also failed to make showings to succeed on his second ineffective assistance of counsel claim. Movant did not establish that his counsel's alleged failure to argue at sentencing that Movant did not admit to possessing the firearm was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Further, it is clear that Movant, who had waived his right to appeal, understood he was being credited with possession of the firearm when Movant declined to abandon the Sentencing Agreement after the Court specifically informed Movant of its intention to apply the firearm enhancement and deny the safety valve. Movant's second claim of ineffective counsel is DENIED.

All of the issues raised by Movant having been found to be without merit, the Motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 24, 2006.



/s/ Helen Gillmor
Chief United States District Judge

Michael Farinas v. United States of America, Civil No. 06-00163 HG-LEK; Criminal No. 03-00221 HG-01; Civil No. 06-00164 HG-LEK; Criminal No. 03-00350 HG-01, **ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**