IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL FARINAS, | ) CRIM. NO. 03-00221 HG-01 |
| | ) CIVIL NO. 06-00163 HG LEK |
| Movant, | ) |
| | ) CRIM. NO. 03-00350 HG-01 |
| vs. | ) CIVIL NO. 06-00164 HG-LEK |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**ORDER DENYING MOVANT'S REQUEST
FOR A CERTIFICATE OF APPEALABILITY**

Defendant Michael Farinas ("Movant") filed a Motion to

Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §

2255, which the Court denied by written order on July 24, 2006.

On August 23, 2006, Movant filed a Notice of Appeal.  The Court

construes the notice as a request for certificate of

appealability ("COA")and denies it for the following reasons:

The Antiterrorism and Effective Death Penalty Act ("AEDPA")

provides that a COA  may be issued "only if the applicant has

made a substantial showing of the denial of a constitutional

right", 28 U.S.C. § 2253(c)(2), and shall indicate which specific

issues satisfy the requirement.  To make a "substantial" showing,

the United States Supreme Court has explained that a prisoner

must show that "reasonable jurists could debate whether...the

petition should have been resolved in a different manner or that

the issues presented were adequate to deserve encouragement to

proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000),

quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983). "Where a

district court has rejected the claim on the merits, the showing

required to satisfy § 2253(c) is straightforward: The Petitioner

must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or

wrong". Slack, 529 U.S. at 484; see also, Jennings v. Woodford,

290 F.3d 1006, 1010 (9th Cir. 2002), cert. denied, 539 U.S. 958

(2003).

　　　In his plea agreement, Movant specifically waived his right

to appeal any sentence within the statutory maximum. He also

expressly waived the right to collaterally challenge his sentence

or the manner in which it was determined, but retained the right

to bring a § 2255 motion based on ineffective assistance of

counsel. In his § 2255 motion, Movant essentially challenged the

manner in which his sentence was determined and sought to blame

his counsel as "ineffective". In his underlying sentencing

challenge, Movant misunderstands the relevant law, and his

ineffectiveness argument fails to make a substantial showing of

the deprivation of the right to effective counsel.

　　　Prior to his sentencing, the Supreme Court decided United

States v. Booker, 543 U.S. 220 (2005) and held that the federal

sentencing guidelines are advisory. At sentencing on March 28,

2005, this Court considered the federal sentencing guidelines as

advisory and otherwise adhered to the sentencing agreement.  The
Court adopted the Presentence Report in part, modifying it to
conform with the Memorandum of Sentencing Agreement, and then
sentenced Movant on the low end of the applicable sentencing
range.  The Court enhanced his sentence two levels for firearm
possession and imposed a sentence of 110 months imprisonment, to
be followed by a total of five years of supervised release.

Movant claims that his counsel was ineffective for not
arguing that the Court was bound by the specific term in the
written sentencing agreement which advised Movant that the
guidelines were mandatory.  He further argues, erroneously, that
under mandatory guidelines, the Court could not have enhanced his
sentence two levels for relevant conduct, i.e., possession of a
firearm.  Movant significantly misstates the law by asserting
that "the Guidelines after <u>Booker</u> still remain mandatory and
impose binding requirements on all sentencing judges".  (Doc. 69,
Memo. in Supp. of § 2255 Motion at 14.)  He then concludes in
attenuated fashion that he was "prejudiced" and that his counsel
was ineffective on such basis.

Movant is not entitled to a COA because his ineffectiveness
argument is based on an incorrect premise and erroneous
statements of law.  His argument falls quite short of making a
"substantial showing" that he was deprived of the right to
effective counsel.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668,

687 (1984)(the prisoner must show objectively deficient performance by counsel and resulting prejudice to the defense). The record shows that Movant received a vigorous defense by capable counsel and a substantially reduced sentence of 110 months, which was far below the statutory maximum.

The plea agreement specified that:

> "The parties agree that notwithstanding the parties'
> agreement herein, or any stipulation(s) that may be
> entered into by the parties, the Court is not bound by
> any such stipulation, but may, with the aid of the pre-
> sentence report, determine the facts relevant to
> sentencing.
> ... The Defendant further agrees that there is no
> promise or guarantee of the applicability or
> nonapplicability of any Guideline or any portion
> thereof, notwithstanding any representations or
> predictions from any source." (Doc. 31, ¶¶ 10, 11).

In other words, Movant agreed as part of his plea agreement that the Court would determine relevant conduct for purposes of sentencing.  Contrary to Movant's rather inconsistent arguments, his sentence would not have been reduced further if his counsel had urged "mandatory" application of the Guidelines post-Booker.

Additionally, the Court made it clear at sentencing that the "safety-valve" provision would be denied and offered Movant the opportunity to withdraw from the Sentencing Agreement.  Movant chose to go forward.  He benefitted greatly from plea bargain negotiated by his counsel and can show no "prejudice".  Having entered a sentencing agreement in which he agreed that the Court would determine relevant conduct, Movant essentially wishes to

undo the Court's determination regarding enhancement. His

reliance on Booker for such proposition is misplaced,[1] and he has

not made a substantial showing that his counsel was ineffective

on such basis.

The record also reflects that, contrary to Movant's

allegation, his counsel did object at sentencing to the

enhancement for possession of the firearm. The fact that counsel

did not prevail on such objection does not mean that he was

ineffective within the meaning of Strickland.  The Sixth

Amendment certainly does not require counsel to prevail on every

motion or objection in order to be deemed effective. "[A]nalysis

focusing solely on mere outcome determination, without attention

to whether the result of the proceeding was fundamentally unfair

or unreliable, is defective."  Lockhart v. Fretwell, 506 U.S.

364, 369 (1993)(footnote omitted).  The fact that Movant's

sentence was enhanced over counsel's objection does not show any

objectively deficient performance by counsel, much less any

---

[1]To the extent Movant argued in his §2255 motion that under
Booker, the Court could not enhance his sentence, the law is now
well-settled that such Supreme Court decision is not
retroactively applicable to cases on collateral review.  See,
e.g., United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir.
2005); Hewett v. United States, 372 F. Supp. 2d 585 (D. Haw.
2005); Hirano v. United States, 2006 WL 1343658 (D. Haw. May 15,
2005).  Claims under Booker, like other sentencing matters, must
be raised on direct appeal.  To the extent Movant presented such
argument as a ground for ineffective assistance of counsel, he
misunderstands the relevance and application of the holding of
Booker in the present case.  Movant's notion that his sentence
could not be enhanced is incorrect.

resulting prejudice.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 686; and see, <u>Williams v. Taylor</u>, 529 U.S. 362, 392-93 and n.17 (2000) (explaining that the prejudice part of the <u>Strickland</u> test "focuses on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair"). Counsel's performance was well within competent professional bounds and did not adversely affect the reliability of the proceeding in any way.

For purposes of issuing a COA, Movant's allegations do not amount to a "substantial showing" that counsel was constitutionally ineffective at sentencing. Jurists of reason would not debate this matter, and Movant's allegations do not deserve encouragement to proceed further.  Accordingly,

It is **HEREBY ORDERED** that the Movant's construed "Request for a Certificate of Appealability" is **DENIED**.

DATED:  Honolulu, Hawaii, September 29, 2006.



   **/s/ Helen Gillmor**
   Chief United States District Judge

Crim. No. 03-00221 HG-01; Civil No. 06-00163 HG-LEK; Crim. No. 03-00350 HG-01; Civil No. 06-00164 HG-LEK; <u>Michael Farinas v. United States</u>; **ORDER DENYING MOVANT'S REQUEST FOR A CERTIFICATE OF APPEALIBILITY**